**STATE of Tennessee, Appellee,**

v.

**Alex H. HODGE and Boyd R. Hodge, Jr., Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 28, 1982.

Permission to Appeal Denied by Supreme Court on Nov. 1, 1982.

Richard A. Buerger, Franklin, for Alex H. Hodge.

John H. Henderson, Jr., W. Carter Conway, Franklin, for Boyd R. Hodge, Jr.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Jr., Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

TATUM, Judge.

The defendants, Alex Hodge and Boyd Ridley Hodge, Jr., were convicted of aggravated sexual battery. The punishment for each was fixed at 11 years imprisonment in the State penitentiary. On this appeal, they question the sufficiency of the evidence, allege that the trial court should have granted a mistrial because they could not complete cross examination of the victim on the same day that she gave her direct testimony, and they say that the trial court committed reversible error by allowing the court reporter to read a portion of a statement that the victim gave to a police officer and, by denying another cross examination of the victim. After considering the record, we conclude that the judgments must be affirmed.

We first address the issue attacking the sufficiency of the evidence. The State's evidence, which was accredited by the jury, established that on June 14, 1980, the victim accompanied her cousin, her cousin's boyfriend whose name was William, and William's male friend to a lounge in Franklin. Williams' last name is unknown and the record does not supply the name of his friend. The victim lived in Nashville.

The victim did not ordinarily drink, but during the evening at the lounge, she "sipped" on one beer. Around midnight, Williams' friend started a fight with the victim's female cousin. In disgust, the victim left her companions at the lounge on foot and soon became lost as she was not familiar with Franklin. While walking, the

victim was harrassed by six or seven men in a vehicle. Nathaniel Esmon was in the bed of a truck with the two defendants in the cab. Esmon approached the victim and offered to take her home. She got in the bed of the truck with Esmon but left when the truck stopped because Esmon was "touching" her. Alex Hodge grabbed her with a "bear hug" and forced her back into the truck. He threatened to kill her. They drove to a secluded area and the defendants pushed her out of the truck and removed her clothes. Boyd Hodge held the victim while Alex Hodge tried unsuccessfully to penetrate her vagina with his penis. During his efforts, he fondled her "all over." After about twenty minutes, Boyd Hodge pulled Alex off of the victim, saying that it was "his turn." Boyd successfully penetrated her vagina with his penis while Alex held her.

The victim resisted the attack by the Hodge brothers by hitting them and on one occasion, she bit Alex Hodge on the arm. Alex choked her and threatened to kill her. Needless to say, she did not give her consent to have sexual relations with either defendant. The victim testified that Esmon was in the truck watching when the assaults took place but he testified that he went for a walk. In any event, the record does not reflect that he participated.

The Hodge brothers drove Esmon and the victim to Esmon's home. Esmon offered her the use of his telephone but she ran to a house across the street and requested the occupant to call the police for her. The victim's testimony was corroborated by other State's witnesses.

■ The State's evidence is sufficient to establish that each defendant made unlawful sexual contact with the victim while aided and abetted by the other and by using force or coercion to accomplish the act. All of the elements of aggravated sexual battery were established by the State's proof. T.C.A. § 39–3703; § 39–3704. While the law does not require corroboration of the testimony of a victim, her testimony was corroborated by other State's witnesses. Alex Hodge did not testify. Boyd Hodge

testified that he had sexual intercourse with the victim, but with her consent. It was for the jury to weigh and evaluate the evidence. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978). There was evidence upon which a rational jury could be convinced of the guilt of both defendants beyond a reasonable doubt. See Rule 13(e), T.R.A.P.; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There is no merit in this issue.

The defendants state that they were denied the Sixth Amendment right to confrontation. The basis for this assertion is that during cross examination of the victim, she stated that she did not want to be a witness and did not "want to go through this." The judge declared a recess and the victim left the courtroom. The trial judge sent for her but when she resumed the witness stand, she refused to answer questions. The trial judge again declared a recess until the next morning and required the victim to make a $500 material witness bond. On the next day, the victim submitted to lengthy and strenuous cross examination by the attorneys for the defendants. Motions for a mistrial were made when the victim left the courtroom and renewed when she refused to answer questions on the first day, after she returned to the courtroom.

■ The defendants assert that they were denied constitutional right to confrontation because they were disadvantaged in not being able to cross examine the victim immediately after her direct testimony. They cite no authority in support of this contention and we have found none. As stated, the witness was fully cross examined by counsel for both defendants. Neither the Sixth Amendment nor any other constitutional provision requires that defendants be given an opportunity for cross examination on the same day of direct examination. This issue is without merit.

In another issue, the defendants claim that the trial judge erred in allowing into evidence a statement written in the handwriting of the victim. A police officer testified that he drove the victim to a hospital

**742**

from the house where she ran after leaving Esmon. Although the victim was almost hysterical, the police officer gave her writing materials at the hospital and asked her to write down what happened. He left her alone for a time and she handed him a written statement. At trial, the police officer was examined at length concerning the contents of the statement. The State then offered the statement into evidence. At a lengthy discussion, the trial judge announced, in the absence of the jury, that he would admit a portion of the statement and would caution the jury "that this is being admitted not for the truth of the matter asserted therein, but for the fact that this report was given to the officer and that he acted on it."

When the trial judge instructed the jury, the record reflects that he stated as follows:

"THE COURT: All right. Ladies and gentlemen, in just a moment I'm going to ask the Court Reporter to read to you a portion of a statement that this officer has testified, was written by the prosecutrix in this case, and I want to give you what is called a cautionary instruction. And, of course, the Court relies on your fairness and willingness to act upon this in just this way. This statement is not being permitted to be admitted into evidence which means that *you will hear it for the truth* of the matter ascerted. But for your edification, as it were, that this statement was made and this officer and his colleagues acted upon it. You understand that? All right, You can read the statement." (Emphasis supplied.)

If the trial court had told the jury, "You will hear it for the truth," as appears in the transcript, then the error of the omission of the word "not" was waived by counsel in not pointing the error out to the trial judge. As above stated, counsel had previously been told by the trial judge of his intention to instruct the jury not to consider the statement for the truth of the matters stated. Rule 36(a), T.R.A.P.

■ The statement was vaguely and broadly written. It contained nothing which the victim had not been cross exam-

ined about in elaborate detail. There was no request by counsel for a ruling by the trial court on his request to further cross examine the victim with respect to the written statement. If there was error in connection with the portion of the written statement admitted or in connection with counsel's request for further cross examination, the errors were harmless beyond a reasonable doubt.

The judgment of the trial court is affirmed as to both defendants.

BYERS, J., and WILLIAM S. RUSSELL, Special Judge, concur.